O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAN ARMENTA,<br><br>              Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>              Defendant. | CASE NO. ED CV 09-00121 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

After this Court remanded this case because no real hearing had been held [AR 429 *et seq*.], the Administrative Law Judge held a new hearing and produced a comprehensive decision. [AR 368 *et seq*.] The Administrative Law Judge evaluated Plaintiff's claims for the period when Plaintiff had been a minor, as well as her current status as an adult. In doing so, the Administrative Law Judge followed the proper sequential analysis for each situation.

In this Court, Plaintiff accepts the Administrative Law Judge's recitation of the medical evidence, except for the issues he presents to this Court. (Plaintiff's Memorandum in Support of Complaint 2:11-14.) He argues that the Administrative Law Judge did not consider the side effects of Plaintiff's medications and, not having considered them, therefore posed an improper hypothetical question to the vocational expert. The Court finds these arguments unpersuasive.

It does little good to provide the Court with Internet descriptions of possible side effects of various medications. All medications have possible side-effects, and often the list is lengthy. These descriptions were not part of the medical record contained in the lengthy administrative record. Nor did Plaintiff testify at the administrative hearing as to any medication other than Ibuprofen or Motrin [AR 402], even though she was represented there by the same counsel who now asserts the Administrative Law Judge committed error by not considering the side effects of her medications. In this Court, Plaintiff points to no medical record of any side effect from any medication she is taking. In her applications to the Social Security Administration, she did reference side effects of some of the medications, but they were brief references, with no explication, and no indication of any significant problems. [AR 83, 101, 470]

Plaintiff cites *Varney v. Secretary of Health and Human Services*, 846 F.2d 581 (9th Cir. 1988) in support of her argument. In *Varney*, however, the plaintiff had testified to the side effects of her medications and had reported the side effects to her doctors, who had responded that the side effects were unavoidable and that the medications nevertheless were necessary. In those circumstances, the Court held that it was error for the administrative law judge not to have made any findings as to the side effects of the medications. *Id.*, 846 F.2d at 585. This case proceeds on an entirely different kind of record, one devoid of any basis for the Administrative Law Judge to have made any findings about the impact of Plaintiff's medications on her ability to work. *Varney* has no bearing on this case. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2000) (no error where medical records included passing references to side effects of medications, but no evidence of severe enough side effects to affect ability to work).

Given that there was no error as to consideration of the medications, it follows that there was no error in failing to include the impact of such medications in the hypothetical questions presented to the vocational expert. *Rollins v. Massanari*, 261 F. 3d

853, 863-64 (9th Cir. 2001).  Plaintiff having pointed to no other challenge to the Commissioner's determination, the decision is affirmed.

DATED: August 31, 2009

  /s/ Ralph Zarefsky
  RALPH ZAREFSKY
  UNITED STATES MAGISTRATE JUDGE